Bigelow, J.
Both the iteras, in relation to which the defendant offered to introduce his book of account, were charges of cash payments, in amount above forty shillings, which, by the long-established rule, cannot be proved by such evidence. Nor does it make any difference in the application of this rule, that the book, in the present case, was examined by the auditor as a voucher. If the auditor admits incompetent evidence at the hearing before him, it is good ground for objecting to his report and setting it aside, but it does not authorize the introduction of the same illegal evidence again a the trial. There is nothing, however, to show that the booh, of the defendant, in this case, were admitted by the auditor as proof of any charge for which they were not competent. The court was right, therefore, in excluding them at the trial.
The remaining objection is, that the plaintiff was allowed to recover the amount of a note, which was not included in his bill of particulars. The writ contained the money counts, under which it was competent for the olaintiff to recover on the note, but he had failed to specify it as one oí the items of his claim. If this objection had been seasonably taken, it would have been well founded. One of the main objects of requiring a bill of particulars or specification of claim is, to notify the adverse party of the several items claimed under the general counts, that he may be prepared to meet them at the trial. Such specification may be amended, on motion seasonably made, and upon such terms as the court may think proper, if it is imperfect and does not include all the claims upon which the plaintiff intends to rely. The chief object in such cases should be, to guard against surprise. But in the present case, both parties proceeded, through the entire trial, upon the assumption that the note was duly specified. One of the main questions in contest before the jury was upon this note, and the merits of this part of the case were fully gone into. No objection was taken by the defendant to a reco very upon it, as a part of the substantive claim of the plaintiff, on the ground of its being omitted in the specification, until after the case had been submitted to the jury *516 under the charge of the court. Under these circumstances, the defendant certainly cannot complain of surprise. He had full opportunity to raise the objection at an earlier stage of the trial, when the plaintiff might have obtained leave to amend upon proper terms. But it is quite too late, after a defendant has, throughout a trial, endeavored to defeat a claim upon its merits, and when, from the aspect of the evidence and the instructions of the court, he sees he is likely to fail in his defence, to seek to throw the claim out of the case, on the technical ground that it was not included in the specification of claim. Good faith in the conduct of trials, and an upright administration of justice, require that, in such a case, a party shall be held to have waived all such objections. Blaisdell v. Gladwin, 4 Cush. 373, 376.

Exceptions overruled.